IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:19-CR-318** |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| **RUKAIYAH TREADWELL,** | : | |
| | : | |
| **Defendant** | : | |

### MEMORANDUM

Defendant Rukaiyah Treadwell has filed a motion to dismiss and a motion for a bill of particulars. The government opposes Treadwell's motions. For the reasons that follow, the court will deny both motions.

**I.  Factual Background & Procedural History**

A grand jury sitting in Harrisburg, Pennsylvania, returned a 12-count indictment in October 2019 charging defendants Edward Hart, Algernon Martin, Kazaria Blair, and Rukaiyah Treadwell with conspiracy, bank fraud, aggravated identity theft, and charges related to stealing from the Post Office. Treadwell is charged in Count One (the conspiracy), Count Five (bank fraud), and Count Nine (aggravated identity theft). Treadwell filed a motion for a bill of particulars as well as a motion to dismiss in November 2020. The motions are fully briefed and ripe for disposition.

**II.  Discussion**

    **A.  Motion to Dismiss**

Treadwell moves to dismiss the three counts against her for failure to state an offense pursuant to Federal Rule of Criminal Procedure 12(b). (See Docs. 90, 91).

Motions to dismiss are authorized under Federal Rule of Criminal Procedure 12(b)(3)(A) and (B).  See FED. R. CRIM. P. 12(b)(3)(A), (B).  A motion to dismiss may be premised on perceived substantive deficiencies in the charging document, such as duplicity, multiplicity, lack of specificity, improper joinder, or failure to state an offense.  See FED. R. CRIM. P. 12(b)(3)(B).  Importantly, motions alleging a failure to state an offense test only the government's allegations, not its proof.  See United States v. Huet, 665 F.3d 588, 594-95 (3d Cir. 2012).

The Sixth Amendment to the United States Constitution mandates that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation" against him.  See U.S. CONST. amend. VI. Federal Rule of Criminal Procedure 7(c) implements this requirement by setting standards for the contents of indictments.  See FED. R. CRIM. P. 7(c).  Under that rule, an indictment must provide "a plain, concise, and definite written statement of the essential facts constituting the offense charged."  FED. R. CRIM. P. 7(c)(1). An indictment satisfies Rule 7(c) when it

> (1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution.

United States v. Willis, 844 F.3d 155, 161 (3d Cir. 2016) (quoting United States v. Rankin, 870 F.2d 109, 112 (3d Cir. 1989)).

Our court of appeals has said that "no greater specificity than the statutory language is required so long as there is sufficient factual orientation to permit the

2

defendant to prepare his defense." Id. at 161-62 (quoting Rankin, 870 F.2d at 112). Thus, an indictment will generally pass muster if it identifies the statute allegedly violated, lists the elements of the statutory offense, and identifies the time period of the alleged violation. See Huet, 665 F.3d at 595 (citing United States v. Urban, 404 F.3d 754, 771 (3d Cir. 2005)). "[D]etailed allegations" are not required. Id. at 594 (citing United States v. Resendiz-Ponce, 549 U.S. 102, 110 (2007)). A court must uphold an indictment "unless it is so defective that it does not, by any reasonable construction, charge an offense." Willis, 844 F.3d at 162 (quoting United States v. Vitillo, 490 F.3d 314, 324 (3d Cir. 2007)).

Count One accuses all defendants of conspiring to defraud the United States in violation of 18 U.S.C. § 371. (See Doc. 1 at 1-7). Generally "a conspiracy count in an indictment need only set forth the agreement and specific intent to commit an unlawful act, and when required by statute, an overt act." United States v. Werme, 939 F.2d 108, 112 (3d Cir. 1991) (citing United States v. Wander, 601 F.2d 1251, 1258 (3d Cir. 1979)). As Treadwell acknowledges, (see Doc. 91 at 4), conspiracy under Section 371 requires, *inter alia*, the allegation of "an overt act by *one of the conspirators* in furtherance of that objective." United States v. McKee, 506 F.3d 225, 238 (3d Cir. 2007) (emphasis added) (citing Rankin, 870 F.2d at 113). One conspirator's overt act "is the act of all." Id. at 243 (citation omitted). The indictment lists several overt acts allegedly committed by defendants, including receipt of funds by Treadwell. (See Doc. 1 at 6-7). That the indictment provides greater factual detail regarding other coconspirators does not mean that Treadwell is entitled to the same level of specificity. See McKee, 506 F.3d at 238; United States

3

v. Gordon, 335 F. App'x 236, 238 (3d Cir. 2009) (nonprecedential).[1]  We therefore conclude that Count One satisfies Rule 7(c).

Count Five accuses all defendants of committing bank fraud, or aiding and abetting same, in violation of 18 U.S.C. §§ 1344 and 2.  (See Doc. 1 at 9-10).  Section 1344(2) makes it a crime for a person to "knowingly execute[] or attempt to execute a scheme or artifice . . . to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises."  18 U.S.C. § 1344(2).  The indictment charges that on or about May 13, 2019, all defendants:

> . . . aiding and abetting each other, knowingly executed and attempted to execute a scheme and artifice to obtain any of the moneys, funds, credits, assets, securities, and other property owned by and under the control of a financial institution by means of false or fraudulent pretenses, representations and promises, by fraudulently altering the payee and amount on a stolen check, and by causing the fraudulently altered check to be deposited with Bank of America in the amount of $9,700.

(See Doc. 1 at 9-10).  Treadwell argues that the indictment is defective for failing to specify exactly who stole, altered, or deposited the check.  (See Doc. 91 at 9).  Yet

---

[1] Treadwell replies that Count One fails to include a *mens rea* specific to her alleged overt act.  (See Doc. 98 at 2).  The plain language of the indictment refutes that argument.  The indictment must be read "as a whole and interpret[ed] in a common sense manner," see United States v. Lee, 359 F.3d 194, 209 (3d Cir. 2004) (citation omitted), and Paragraph 5 of Count One clearly states that all defendants "*knowingly* conspired and agreed together . . . to defraud the United States and to interfere with and obstruct the lawful governmental functions of the United States by deceit, craft, trickery[,] and dishonest means by stealing mail matter deposited for delivery with the United States Postal Service and by preventing the delivery of that mail matter."  (See Doc. 1 at 2 (emphasis added)).

4

the indictment identifies the statutes, exactly tracks the statutory language, and provides the relevant time period.  See Huet, 665 F.3d at 595.  The indictment also specifically incorporates paragraphs 1 through 4 and 6 through 17, which lay out several pages of factual detail regarding the overall conspiracy.  (See Doc. 1 at 10).  Treadwell is not entitled to "greater specificity than the statutory language," when the indictment already provides "sufficient factual orientation" underlying the charges.  See Rankin, 870 F.2d at 112.

Treadwell's arguments for Count Nine fail for similar reasons.  Count Nine accuses all defendants of committing aggravated identity theft, and aiding and abetting same, in violation of 18 U.S.C. §§ 1028A and 2.  (See Doc. 1 at 11-12).  A person is guilty of aggravated identity theft when they, "during and in relation to any felony violation enumerated in subsection (c), knowingly transfer[], possess[], or use[], without lawful authority, a means of identification of another person . . ."  18 U.S.C. § 1028A(a)(1).  Subsection (c) includes "a felony violation of . . . any provision contained in chapter 63 (relating to mail, bank, and wire fraud)."  Id. § 1028(c)(5).  Like Count Five, Count Nine tracks the statutory language of Section 1028A, charging defendants with

> aiding and abetting one another, knowingly transferred, possessed, and used, without lawful authority, means of identification of another person, to wit, the name of a victim whose initials were "N.T." knowing the identification was of an actual person, with the intent to commit and in connection with unlawful activity that constitutes a violation of [f]ederal law, that being [b]ank [f]raud.

(See Doc. 1 at 11-12). The indictment identifies the statutes, exactly tracks the statutory language, provides the relevant time period, and incorporates paragraphs 1 through 4, 6 through 17, 19, and 21 to provide more factual detail. See Huet, 665 F.3d at 595. The indictment need not offer more "detailed allegations" than what it already contains. See Huet, 665 F.3d at 594.

In sum, Counts One, Five, and Nine of the indictment provide Treadwell "sufficient factual orientation" to allow her to prepare a defense. See Willis, 844 F.3d 155, 161-62. Rule 7(c)(1) requires no more. We will deny her motion to dismiss.

### B. Motion for Bill of Particulars

Treadwell alternatively moves for a bill of particulars as to Counts One, Five, and Nine. (See Doc. 88). Treadwell includes a list of specific information to which she believes she is entitled, including, *inter alia*, the "nature of the communications" between her and her codefendants, more information regarding the alleged alteration and deposit of a stolen check, and whether her alleged role is that of a principal or aider and abettor on Count Nine. (See Doc. 88).

A district court may order the government to file a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f). See FED. R. CRIM. P. 7(f). A bill of particulars is a "formal, detailed statement of the claims or charges brought by a . . . prosecutor." Urban, 404 F.3d at 771 (quoting Bill of Particulars, BLACK'S LAW DICTIONARY (8th ed. 2004)). The bill of particulars is not intended to "permit 'wholesale discovery'" of the government's case. See United States v. Eufrasio, 935 F.2d 553, 575 (3d Cir. 1991) (quoting United States v. Armocida, 515 F.2d 49, 54 (3d Cir. 1975)). Nor is the government required to provide "a fully integrated trial

6

theory" to the defendant. United States v. Moyer, 674 F.3d 192, 203 (3d Cir. 2012) (quoting United States v. Addonizio, 451 F.2d 49, 64 (3d Cir. 1971)). Rather, a bill of particulars serves "to inform the defendant of the nature of the charges brought against [her], to [allow her to] adequately prepare [her] defense, to avoid surprise during the trial[,] and to protect [her] against a second prosecution for an inadequately described offense." Id. (quoting Addonizio, 451 F.2d at 63-64). Access to "[f]ull discovery" may "obviate[] the need for a bill of particulars." See Urban, 404 F.3d at 772 (quoting United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979)). Whether to grant a request for a bill of particulars is a matter of trial court discretion. See Eufrasio, 935 F.2d at 575 (citing Armocida, 515 F.2d at 54).

Treadwell's requested information falls well beyond the scope of a bill of particulars. In actuality, her concerns involve the sufficiency of the government's evidence, stating that she requires "the factual and legal theory" the government plans to use at trial. (See Doc. 89 at 9). However, the government is not obliged to provide Treadwell its "fully integrated trial theory" at the pretrial stage. Moyer, 674 F.3d at 203. This type of request is an impermissible attempt to conduct "wholesale discovery" of the government's case, and Treadwell has not established a fundamental need for the specified particulars. See Eufrasio, 935 F.2d at 575 (quoting Armocida, 515 F.2d at 54). We will deny her motion.

### III. Conclusion

For the reasons set forth herein, the court will deny Treadwell's motion (Doc. 90) to dismiss and deny her motion (Doc. 88) for a bill of particulars. An appropriate

order shall issue.

/S/ CHRISTOPHER C. CONNER<br>
Christopher C. Conner<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated:   February 26, 2021